UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD HILL,

                            Plaintiff,

            -against-

THE CITY OF NEW YORK; NEW YORK
CITY HEALTH AND HOSPITALS
CORPORATIONS; THE CITY OF NEW
YORK DEPARTMENT OF CORRECTIONS;
C.O. JOHN DOE 1; C.O. JOHN DOE 2;
MEDICALS DOES 1-2,

                            Defendants.

19-CV-9561 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated at the Robert N. Davoren Center, brings this *pro se* action

under 42 U.S.C. § 1983. Plaintiff alleges that he was injured as a passenger on a bus operated by

the New York City Department of Correction (DOC), and that he received inadequate medical

care for his injuries. By order dated October 18, 2019, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[1]  For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this

order.

## STANDARD OF REVIEW

    The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

On August 16, 2019, at approximately 5:00 p.m., Plaintiff Ronald Hill was in the custody of the DOC on a bus heading from the Manhattan courthouse to the Robert N. Davoren Center (RNDC) on Rikers Island. "[T]he bus was speeding and made a left turn[,] hitting another motor vehicle [and] causing [Plaintiff] to jerk backward[,] hitting [his] backside and head against the bus wall." (Compl. at 4.)

Plaintiff has "been in a lot of pain," and went to the clinic at RNDC. Plaintiff was prescribed "muscle pain lotion and pain medication." (*Id.* at 5.) He was told to "apply the medicine" and that he "would be called back down to medical for a follow up." (*Id.* at 4.) Plaintiff was "never called back down to be seen." (*Id.*)

Plaintiff often "wake[s] with a stiff back and tension in [his] muscles and pain in [his] knees." (*Id.*) Plaintiff "signed up for sick call" but alleges that he "never received any relieving information so [he] feel[s] very neglected." (*Id.*)

Plaintiff brings this suit against the City of New York, the DOC, and two John Doe Correction Officers, seeking damages.

**DISCUSSION**

**A.      New York City Department of Correction**

As an agency of the City of New York, the DOC is not an entity that can be sued in its own name. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). Instead, any claims against the DOC must be brought against the City of New York, which Plaintiff has already named as a Defendant in this action. Plaintiff's claims against the DOC are therefore dismissed, and Plaintiff should not name the DOC in any amended complaint that he may file because the DOC lacks the capacity to be sued.

**B.      Negligence**

Plaintiff's allegations that he was in a bus accident due to the driver's negligence cannot sustain a claim under § 1983.  An official's negligent act does not violate the United States Constitution, even if it causes injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986). Courts have repeatedly recognized that "[a]llegations of a public official driving too fast . . .  are grounded in negligence" and are not actionable under § 1983. *Carrasquillo v. City of New York*, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004). Negligent driving while transporting an inmate, even one who is a handcuffed and unseatbelted, does not violate the Constitution. *Jabbar v. Fischer*, 683 F.3d 54, 58 (2d Cir. 2012) ("[U]nder the Fourteenth Amendment, failure to provide an inmate with a seatbelt does not constitute a deprivation of life, liberty, or property."). Plaintiff's allegations, asserting a violation of his constitutional rights under § 1983 based on

negligent driving that caused him injury, must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Deliberate Indifference to Serious Medical Needs**

While the Eighth Amendment protects convicted prisoners against deliberate indifference to conditions that pose a substantial risk of serious harm, the Fourteenth Amendment is the source of such protection for pretrial detainees. It is unclear whether at the time that Plaintiff sought medical care, he was a convicted prisoner or a pretrial detainee, and the Court therefore considers whether he states a claim under either standard.

Deliberate indifference claims include an objective component and a subjective component. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011). "Under both the Eighth and Fourteenth Amendments, to establish the objective component, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017); *see also Ackridge v. Aramark Corr. Food Servs.*, No. 16-CV-6301 (KMK), 2018 WL 1626175, at *19-20 n.19 (S.D.N.Y. Mar. 30, 2018) (the objective seriousness-of-conditions prong "is evaluated the same way under both the Eighth Amendment and Fourteenth Amendment").

The subjective component differs for claims under the Eighth and Fourteenth Amendments. *See Darnell*, 849 F.3d at 34-35. Under the Eighth Amendment, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, an official is not liable under the Eighth Amendment for "failure to alleviate a significant risk that he should have perceived but did not." *Id.* at 837.

In contrast, an official can be liable under the Fourteenth Amendment when he "*should have known* that the condition posed an excessive risk to health or safety," and "recklessly failed

to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee." *Darnell*, 849 F.3d at 35 (quoting *Kingsley v. Hendrickson.*135 S. Ct. 2466 (2015)) (emphasis added).

        1.      Objective Component: Sufficiently Serious Medical Need

The objective component of this standard requires that the alleged medical need be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain"). If a complaint alleges that treatment was provided but was inadequate, the seriousness inquiry is focused on the alleged inadequacy. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). Thus, where a prisoner's claim is based on delay in the provision of medical treatment, the relevant concern is not "the severity of the prisoner's underlying medical condition," but the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003).

Here, Plaintiff alleges that he had a medical visit after the bus accident and was prescribed "muscle pain lotion and pain medication." (Compl. at 5.) Plaintiff contends that he "was lied to being told [he] would be called for a follow up appointment and never was." (*Id.*) At some point, he "signed up for sick call [but] never received any relieving information so [he] feel[s] very neglected." (*Id.* at 4.) It is unclear from the allegations of Plaintiff's complaint whether he is alleging that he didn't receive the lotion and medication prescribed for him or whether his claim is based on a delay in obtaining a follow-up visit.

Plaintiff does not allege that he suffered a condition of urgency, or that any delay in treating his "stiff back" and muscle tension resulted in extreme pain or caused a degeneration of

his condition. Plaintiff also does not plead any facts about the length of the delay in receiving follow-up care. Plaintiff's allegations do not suggest that he suffered an objectively serious medical need.

2.    Defendants' Intent

It is also unclear from the allegations of the complaint which Defendant allegedly was deliberately indifferent to Plaintiff's medical needs. Plaintiff names two John Doe Correction Officers in the caption of the complaint, but he does not mention them in the body of the complaint or plead any facts about what John Doe #1 or John Doe #2 personally did or failed to do that violated Plaintiff's rights; he does not allege that these individuals were involved in his medical care and does not allege what they did or failed to do. Plaintiff thus fails to state a claim that these individual John Doe defendants were deliberately indifferent to his medical needs, in violation of § 1983.

Plaintiff also names the City of New York and the New York City Health + Hospitals Corporation as Defendants. When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town*

*of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997).  Plaintiff alleges in the complaint that he was "lied to" and told that a follow-up appointment would be scheduled but it "never was." (Compl. at 5.)  These allegations are insufficient to show that the City of New York or the New York City Health + Hospitals Corporation, through a municipal policy, custom, or practice, caused a violation of Plaintiff's rights.  Plaintiff thus fails to state a claim against the City of New York or the New York City Health + Hospitals Corporation for deliberate indifference to his serious medical needs.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-9561 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   November 12, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                  Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 2:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 3:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

Defendant 4:

First Name        Last Name        Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City        State        Zip Code

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.


Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.


_____          _____
Dated                                                          Plaintiff's Signature

_____
First Name                          Middle Initial          Last Name

_____
Prison Address

_____
County, City                                State                        Zip Code


Date on which I am delivering this complaint to prison authorities for mailing:  _____